1   DOUGLAS E. GEYMAN (SBN 159417)
    Law Office of Douglas E. Geyman
2   750 B Street, Suite 2870
    San Diego, California 92101
3   Telephone: (619) 232-3533
    Facsimile: (619) 232-3593
4   douglas@geymanlaw.com

5   Attorney for Plaintiff, Craig Haley

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

| 11 | CRAIG HALEY, an individual, | Case No.**37-2018-00050564-CU-OE-CTL** |
|----|----|----|
| 12 | Plaintiff, | **COMPLAINT** |
| 13 | vs. | **1. Failure to Pay Overtime** |
| 14 | | **2. Failure to Pay Minimum Wages**<br>**3. Failure to Provide Meal Periods** |
| 15 | TIME WARNER CABLE, INC., a California<br>corporation, SPECTRUM, a California | **4. Failure to Provide Rest Periods**<br>**5. Failure to Provide and Maintain** |
| 16 | corporation JON SOSEMAN, an individual, and<br>DOES 1 to 10, Inclusive, | **Compliant Wage Statements**<br>**6. Failure to Pay Wages Upon Termination** |
| 17 | Defendants. s. | **7. Violation of Labor Code section 204**<br>**8. Violation of Labor Code 2810.5** |
| 18 | | **9. Violation of Labor Code 2802** |
| 19 | | **10. Unfair Competition**<br>**11. Wrongful Termination in Violation of** |
| 20 | | **Public Policy** |
| 21 | | **12. Discrimination based on**<br>**Disability/Medical Condition** |
| 22 | | **13. Violation of Family Medical Leave Act**<br>**14. Violation of California Family Rights Act** |
| 23 | | |
| 24 | | **JURY TRIAL DEMANDED** |

25

26      COMES NOW Plaintiff CRAIG HALEY ("Plaintiff") and for HIS individual causes of

27   action against Defendants TIME WARNER CABLE, INC. a California corporation, SPECTRUM,

28   a California corporation JON SOSEMAN, an individual, and DOES 1 to 10, Inclusive,

                                    1        **COMPLAINT**

1   (collectively "Defendants"), alleges as follows:

2         Plaintiff alleges as follows:

3   <div align="center">**I.**</div>

4   <div align="center">**JURISDICTION AND VENUE**</div>

5       1.    This is a claim for relief which includes claims for violation of California

6   Government Code section 12940 as well as numerous provisions of the Labor Code.

7       2.    This Court has jurisdiction over this action pursuant to the California Constitution,

8   Article VI, Section 10.  The statutes under which this action is brought do not specify any other

9   basis for jurisdiction.

10      3.    This Court has jurisdiction over all Defendants because, on information and belief,

11  Defendants are either a citizen of California, have sufficient minimum contacts in California, or

12  otherwise intentionally avail themselves of the California market so as to render the exercise of

13  jurisdiction over them by the California courts consistent with traditional notions of fair play and

14  substantial justice.

15      4.    Venue is proper in this Court, because Defendants employ persons in this county

16  and employed Plaintiff in this county, and thus a substantial portion of the transactions and

17  occurrences related to this action occurred in this county.

18      5.    California Labor Code provisions as well as the Government Code section 12940

19  et seq authorizes aggrieved employees to sue their current or former employers for violations of

20  those statutes.

21  <div align="center">**II.**</div>

22  <div align="center">**THE PARTIES**</div>

23      6.    Plaintiff is a resident of Moreno Valley in Riverside County, California.

24  Defendants employed Plaintiff on October 4, 2000. Plaintiff was thereafter promoted to Technical

25  Operations Supervisor. Plaintiff was separated from his employment on October 20, 2016.

26      7.    As a technical Operations Supervisor Plaintiff typically worked eight (8) or more

27  hours per day for Defendants. Plaintiff, and performed services for Defendants at their location in

28  San Diego County.

8.      Defendants TIME WARNER CABLE, INC. AND SPECTRUM are California corporations doing business in California, with at least 2 locations in the San Diego area, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this County.

9.      JON SOSEMAN, an individual, was and is, upon information and belief, an individual residing in California who exercised control over the day to day work of Plaintiff and as an owner and officer of the corporate defendants, he had control over Plaintiff's hours of work and pay. He is therefore sued under Labor Code sections 558 and 558.1.

10.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

11.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to Defendants and/or DOES 1 through 10, each acting as the agent, employee, alter ego, and/or joint venture of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

12.      At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

13.      Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

14.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff because Defendants have:

3      **COMPLAINT**

1    (a) jointly exercised meaningful control over the work performed by Plaintiff,

2    (b) jointly exercised meaningful control over Plaintiff's wages, hours, and working

3    conditions, including the quantity, quality standards, speed, scheduling, and operative details of

4    the tasks performed by Plaintiff;

5    (c) jointly required that Plaintiff perform work which is an integral part of Defendants'

6    businesses; and

7    (d) jointly exercised control over Plaintiff as a matter of economic reality in that Plaintiff

8    was dependent on Defendants, who shared the power to set the wages of Plaintiff and determine

9    the working conditions, and who jointly reaped the benefits from the underpayment of the wages

10   and noncompliance with other statutory provisions governing their employment.

11                                          **III.**

12                    **PAGA REPRESENTATIVE ALLEGATIONS**

13       15.    Defendants operate and manage a cable television company headquartered in San

14   Diego, California. Upon information and belief, Defendants have employed over 500 employees

15   in California within the last one year.

16       16.    Defendants maintain their corporate headquarters in California.  Additionally,

17   upon information and belief, Defendants maintain a single, centralized Human Resources

18   department at their corporate headquarters, which is responsible for conducting Defendants'

19   recruiting and hiring of new employees, collecting and processing all new hire paperwork, and

20   communicating and implementing Defendants' company-wide policies to employees throughout

21   California.

22       17.    In particular, Plaintiff, on information and belief, received the same standardized

23   documents and/or written policies.

24       18.    Upon information and belief, the usage of standardized documents and/or written

25   policies, including new hire documents, indicate that Defendants dictated policies at the corporate

26   level and implemented them company-wide, regardless of their employees' assigned locations or

27   positions.  Upon information and belief, Defendants set forth uniform policies and procedures in

28   several documents provided at an employee's time of hire.  At the time Plaintiff was hired, he

1   received documents including, but not limited to, Employee Handbook/Agreement, policies and

2   procedures, as well as other new hire documentation informing him that he would be subject to

3   the policies and rules set forth in the documents provided.  At the time Plaintiff was hired, he

4   received an acknowledgment page for his signature, informing him that he would be subject to the

5   policies and rules listed in Defendants' Employee Handbook.  Upon information and belief,

6   Defendants implement the same policies and procedures set forth in the Employee Handbook for

7   all locations in California.

8       19.     On information and belief, all transactions regarding hiring, terminations,

9   promotions, pay increases, and employee transfers, etc., relating to Defendants' California

10  employees were submitted to and processed by Defendants' HR department.  Additionally, on

11  information and belief, Defendants' corporate records, business records, data, and other

12  information related to Defendants, including, in particular, HR records pertaining to Defendants'

13  California employees, are also maintained at their corporate headquarters.

14      20.     Upon information and belief, Plaintiff suffered  from Defendants' systematic

15  practice of automatically deducting 30-minutes for meal breaks from Plaintiff's timekeeping

16  records.

17      21.     Upon information and belief, Defendants maintain a centralized payroll department

18  at their corporate headquarters, which processes payroll for all non-exempt, hourly-paid

19  employees working for Defendants at their various locations in California, including Plaintiff.

20      22.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

21  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

22  advisors knowledgeable about California labor and wage law, employment and personnel

23  practices, and about the requirements of California law.

24      23.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff was not paid

25  for all hours worked because all hours worked were not recorded.

26      24.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27  should have known that Plaintiff was entitled to receive certain wages for overtime compensation

28  and that he was not receiving certain wages for overtime compensation.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive at least minimum wages for compensation and that he was not receiving at least minimum wages for work that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff was not paid at least minimum wages for work done off-the-clock.

26.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay when he was not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff was not provided with all meal periods or payment of one (1) additional hour of pay at his regular rates of pay when he did not receive a timely, uninterrupted, thirty (30) minute meal period.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at his regular rates of pay when he was not provided with a compliant rest period and that Plaintiff was not provided compliant rest periods or payment of one (1) additional hour of pay at the regular rates of pay when he was not provided a compliant rest period.

28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff was not provided complete and accurate wage statements.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff was entitled to timely payment of all wages earned upon termination of employment.  In violation of the California Labor Code, Plaintiff did not receive

1   payment of all wages due, including, but not limited to, overtime wages, minimum wages,

2   reporting time pay, split-shift pay, and meal and rest period premiums, within permissible time

3   periods.

4        31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5   should have known that Plaintiff was entitled to timely payment of wages during his employment.

6   In violation of the California Labor Code, Plaintiff did not receive payment of all wages,

7   including, but not limited to, overtime wages, minimum wages, reporting time pay, split-shift pay,

8   and meal and rest period premiums, within permissible time periods.

9        32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10   should have known that Plaintiff was entitled to be paid reporting time pay when he reported to

11   work for this scheduled shift but was put to work for less than half of the regular schedule.  In

12   violation of the California Labor Code, Plaintiff was not paid all reporting time pay.

13        33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14   should have known that Plaintiff was entitled to be paid split shift premiums when he returned to

15   work for an additional shift in the same day, after having been clocked out for more than an hour.

16        34.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

17   mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff

18   for all hours worked, and that Defendants had the financial ability to pay such compensation, but

19   willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff that they

20   were properly denied wages, all in order to increase Defendants' profits.

21        35.    Labor Code section 558 (a) provides "[a]ny employer or other person acting on

22   behalf of an employer who violates, or causes to be violated, a section of this chapter or any

23   provision regulating hours and days of work in any order of the Industrial Welfare Commission

24   shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for

25   each underpaid employee for each pay period for which the employee was underpaid in addition

26   to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one

27   hundred dollars ($100) for each underpaid employee for each pay period for which the employee

28   was underpaid in addition to an amount sufficient to recover underpaid wages." Labor Code

---

7    **COMPLAINT**

1   Section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any

2   other civil or criminal penalty provided by law."

3       36.    Defendants at all times relevant to this complaint were an employer or persons

4   acting on behalf of an employer(s) who violated Plaintiff's rights by violating various sections of

5   the California Labor Code as set forth above.

6       37.    As set forth below, Defendants have violated numerous provisions of both the

7   Labor Code sections regulating hours and days of work as well as the applicable IWC Wage

8   Order.

9       38.    Defendants' conduct, as alleged herein, violates numerous sections of the

10  California Labor Code, including, but not limited to, the following:

11      a.    Violations of Labor Code sections 510, 1198, and the applicable IWC wage order

12  for Defendants' failure to compensate Plaintiff with all required overtime pay as set forth below;

13      b.    Violations of Labor Code sections 1182.12, 1194, 1197, 1197.1, 1198, and the

14  applicable IWC wage order for Defendants' failure to compensate Plaintiff with at least minimum

15  wages for all hours worked as set forth below; Violations of Labor Code sections 226.7, 512,

16  1198, and the applicable IWC wage order for Defendants' failure to provide Plaintiff with meal

17  and/or rest periods, as set forth below;

18      c.    Violation of Labor Code sections 226(a), 1198, and the applicable IWC wage order

19  for failure to provide accurate and complete wage statements to Plaintiff as set forth below;

20      d.    Violations of Labor Code sections 1174(d), 1198, and the applicable IWC wage

21  order for failure to maintain payroll records as set forth below;

22      e.    Violation of Labor Code section 1198 and the applicable IWC wage order for

23  failure to pay reporting time pay when Plaintiff was put to work for less than half of his regular

24  scheduled shifts, as set forth below;

25  ///

26  ///

27  ///

28  ///

## IV.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

### VIOLATION OF LABOR CODE SECTIONS 510, 1197.1, 1811, 1812, 1815 AND 1198

39.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

40.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

41.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

42.     Specifically, the applicable IWC Wage Order provides that Defendants were and are required to pay Plaintiff when working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) the prevailing wage for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

43.     The applicable IWC Wage Order further provides that Defendants were and are required to pay Plaintiff working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times his regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses and incentive pay.

44.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the employee's regular rate for hours worked in

1  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of

2  work.

3      45.    During the relevant time period, Defendants failed to pay all overtime wages owed

4  to Plaintiff. During the relevant time period, Plaintiff was not paid overtime premiums for all of

5  the hours he worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day,

6  and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

7      46.    During the relevant time period, Defendants systematically and on a company-

8  wide basis failed to schedule meal periods for Plaintiff and had no policy for authorizing and

9  permitting him to take compliant meal periods. Instead, Defendants engaged in a practice of

10  discouraging and impeding employees from taking meal periods by under-staffing its assignments

11  such that there is no one available to cover the assignments for employees needing to take meal

12  breaks. For example, during the relevant time period, Plaintiff worked more than five (5) hours,

13  and occasionally more than six (6) hours, without being relieved of his duties to take a meal

14  period. At times, Plaintiff could not leave for a meal period because he had so much work to do

15  and no one was available to cover for him. As a result, Plaintiff would have to not eat or eat what

16  he could while continuing to work and complete assignments. As a result of this company-wide

17  failure to provide adequate meal break coverage, Plaintiff was rarely, if ever, permitted and

18  authorized to take uninterrupted 30-minute meal periods during shifts to which he was entitled to

19  receive a meal period.

20      47.    As a result of Defendants' scheduling practices and/or policies, Plaintiff routinely

21  had meal periods that were missed, late, short, and/or interrupted. In addition, Defendants

22  required Plaintiff to work in excess of 10 hours in a day but did not relieve him of his duties to

23  take second 30-minute meal periods or even schedule second meal periods. Instead, he had to

24  continue working. Plaintiff did not sign a valid meal break on days that he was entitled to meal

25  periods but was not relieved of all duties.

26      48.    Defendants knew or should have known that, as a result of its policies, Plaintiff

27  was performing his assigned duties off-the-clock and/or during meal periods and were suffered or

28  permitted to perform work for which he was not paid. Defendants also knew, or should have

1   known, that they did not compensate Plaintiff and for this off-the-clock work.

2          49.     Because Plaintiff worked shifts of eight (8) hours a day or more, forty (40) hours a

3   week or more, and/or twelve (12) hours a day or more, some of this off-the-clock work qualified

4   for overtime premium pay. Therefore, Plaintiff was not paid overtime wages for all of the

5   overtime hours he worked.

6          50.     Defendants' failure to pay Plaintiff the balance of overtime compensation, as

7   required by California law, therefore violates the provisions of California Labor Code sections

8   510 and 1198.

9          51.     Furthermore, upon information and belief, Defendants did not pay Plaintiff the

10  correct overtime rate for the recorded overtime hours that he generated. In addition to an hourly

11  wage, Defendants paid Plaintiff incentive pay and/or non-discretionary bonuses. However, in

12  violation of the California Labor Code, Defendants failed to incorporate all remunerations,

13  including incentive pay and/or non-discretionary bonus pay, into the calculation of the regular rate

14  of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff

15  worked overtime and received incentive pay and/or non-discretionary bonus pay, Defendants

16  failed to pay all overtime wages by paying a lower overtime rate than required.

17         52.     Defendants' failure to pay Plaintiff the balance of overtime compensation and

18  failure to include all applicable remuneration in calculating the regular rate of pay for overtime

19  pay, as required by California law, violates the provisions of California Labor Code sections 510

20  and 1198. Plaintiff is therefore entitled to recover damages according to proof.

21                              **SECOND CAUSE OF ACTION**

22                          **FAILURE TO PAY MINIMUM WAGES**

23   **VIOLATION OF LABOR CODE SECTIONS 1182.12, 1198, 1811, 1812, 1815**

24         53.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

25  every allegation set forth above.

26         54.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1,

27  1198, 1811, 1812 and 1815 provide that the minimum wage for employees fixed by the IWC is

28  the minimum wage to be paid to employees, and the payment of a wage less than the minimum so

1  fixed is unlawful. Compensable work time is defined in the applicable Wage Order as "the time

2  during which an employee is subject to the control of an employer and includes all the time the

3  employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs.

4  tit. 8, § 11050(2)(K) (defining "Hours Worked").

5      55.    As described above, due to Defendants' systemic and company-wide failure to

6  adhere to a schedule of meal periods for Plaintiff and other non-party Aggrieved Employees and

7  failure to provide adequate meal break coverage, Plaintiff was forced to forego meal period and/or

8  have his meal periods interrupted or delayed by work, in order to complete his assignments.

9  Moreover, Plaintiff was not relieved of all duties such that he could take second 30-minute meal

10  periods on days that they worked in excess of 10 hours in a day. Also, to the extent that these off-

11  the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least

12  minimum wages for those hours worked off-the-clock in violation of California Labor Code

13  sections 1182.12, 1194, 1197, 1197.1, 1811, 1812, 1815 and 1198.

14      56.    Defendants' failure to pay Plaintiff s minimum wages violates California Labor

15  Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Plaintiff is therefore entitle to recover

16  damages according to proof. Plaintiff is also entitled to liquidated damages pursuant to Labor

17  Code 1194.2 due to the intentional nature of Defendants' conduct.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

## VIOLATION OF LABOR CODE SECTIONS 226.7, 512(a), AND 1198

21      57.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

22  every allegation set forth above.

23      58.    At all relevant times herein set forth, the applicable IWC Wage Order(s) and

24  California Labor Code sections 226.7, 512(a) and 1198 were applicable to Plaintiff's employment

25  by Defendants.

26      59.    At all relevant times herein set forth, California Labor Code section 512(a)

27  provides that an employer may not require, cause, or permit an employee to work for a period of

28  more than five (5) hours per day without providing the employee with a meal period of not less


than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

60. At all relevant times herein set forth, California Labor Code section 226.7 and 512(a) provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

61. At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62. As stated, Defendants' company-wide failure to schedule meal periods and failure to provide adequate meal break coverage prevented Plaintiff from taking compliant meal periods. As a result of this practice and/or policy, Plaintiff was frequently required to continue to perform his duties, such as tending to jobs, without being able to take a timely, compliant meal period. Additionally, Defendants discouraged and impeded Plaintiff from taking compliant breaks by requiring him to provide timely labor without providing him with meal break coverage.

63. Further, Defendants had no policy for scheduling second meal periods and had no policy for permitting and authorizing Plaintiff to take second 30-minute meal periods on days that he worked in excess of 10 hours in one day. Defendants also often asked its Plaintiff to continue working during meal periods, thereby further discouraging and preventing him from taking timely, uninterrupted meal periods to which he was entitled. Plaintiff did not sign valid meal break waivers on days that he was entitled to meal periods and was not relieved of all duties.

64. As a result, Plaintiff had to work through part or all of his meal periods, have his meal periods interrupted, and/or wait extended periods of time before taking meal periods. For example, Plaintiff was sometimes made to work over five (5) hours straight before Defendants

1   permitted and authorized him to take his meal periods. About half of Plaintiff's meal periods that

2   he did take were late (after he had already worked 5 hours or more into his shift).   On at least one

3   occasion during the relevant time period, Plaintiff worked 6.5 hours into his shift before he was

4   allowed to take his meal period.

5       65.    At all times herein mentioned, Defendants knew or should have known that as a

6   result of these policies, Plaintiff was prevented from being relieved of all duties and required to

7   perform some of his assigned duties during meal periods and that Defendants did not pay Plaintiff

8   meal period premium wages when they were late, short, and/or interrupted.

9       66.    Moreover, Defendants engaged in a systematic, company-wide policy to not pay

10   meal period premiums. Alternatively, to the extent that Defendants did pay Plaintiff one (1)

11   additional hour of premium pay for missed meal periods, they did not pay him at the correct rate

12   of pay for premium wages because Defendants failed to include all forms of compensation, such

13   as incentive pay and/or non-discretionary bonuses, in the regular rate of pay. As a result, to the

14   extent Defendants paid Plaintiff premium pay for missed meal periods, they did so at a lower rate

15   than required by law. As a result, Defendants failed to provide Plaintiff compliant meal periods

16   and failed to pay the full meal period premiums due.

17       67.    Defendants' conduct violates the applicable IWC Wage Order, and California

18   Labor Code sections 226.7, 512(a), and 1198. Plaintiff is entitled to damages according to proof

19   and liquidated damages pursuant to Labor Code 1194.2 due to the intentional nature of

20   Defendants' conduct.

21                          **FOURTH CAUSE OF ACTION**

22                       **FAILURE TO PROVIDE REST PERIODS**

23             **VIOLATION OF LABOR CODE SECTIONS 226.7 AND 1198**

24       68.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

25   every allegation set forth above.

26       69.    At all relevant times herein set forth, the applicable IWC Wage Order and

27   California Labor Code sections 226.7 and 1198 were applicable to Plaintiff's employment by

28   Defendants.

70.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

71.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and other non-party Aggrieved Employees were entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not provided.

72.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof. As with meal periods, Defendants similarly failed to schedule rest periods for Plaintiff on a company-wide basis. Defendants' management would request that employees refrain from taking rest breaks in order to provide timely completion of work. As a result, Plaintiff would sometimes work shifts in excess of 3.5 hours and in excess of 6 hours without receiving all uninterrupted ten (10) minute rest periods to which he was entitled.

73.     Plaintiff would sometimes work shifts in excess of 10 hours without receiving all uninterrupted ten (10) minute rest periods to which he was entitled.

74.     Upon information and belief, Defendants engaged in conduct that prevented Plaintiff from being relieved of all duty in order to take compliant rest periods, requiring him to work during rest periods.

75.     At the same time, Defendants implemented a systematic, company-wide policy to not pay rest period premiums. Alternatively, to the extent that Defendants did pay Plaintiff one (1) additional hour of premium pay for missed rest periods, they did not pay him at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation,

1  such as incentive pay and/or non-discretionary bonuses, in the regular rate of pay. As a result, to

2  the extent Defendants paid Plaintiff non-party Aggrieved Employees premium pay for missed rest

3  periods, it did so at a lower rate than required by law. As a result, Plaintiff was denied rest

4  periods and failed to pay the full rest period premiums due, in violation of Labor Code section

5  226.7 and the applicable IWC Wage Order. Defendants' conduct violates the applicable IWC

6  Wage Order and California Labor Code sections 226.7 and 1198. Plaintiff is entitled to damages

7  according to proof. Plaintiff is also entitled to liquidated damages pursuant to Labor Code 1194.2

8  due to the intentional nature of Defendants' conduct.

9  <div align="center">**FIFTH CAUSE OF ACTION**</div>

10  <div align="center">**FAILURE TO PROVIDE AND MAINTAIN COMPLIANT WAGE STATEMENTS**</div>

11  <div align="center">**VIOLATION OF LABOR CODE SECTIONS 226(a), 1174(d), AND 1198**</div>

12       76.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and

13  every allegation set forth above.

14       77.    At all relevant times herein, California Labor Code section 226(a) provides that

15  every employer shall furnish each of their employees an accurate and complete itemized wage

16  statement in writing, including, but not limited to, the name and address of the legal entity that is

17  the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of

18  pay.

19       78.    During the relevant time period, Defendants have knowingly and intentionally

20  provided Plaintiff with uniform, incomplete, and inaccurate wage statements. Specifically,

21  Defendants violated sections 226(a)(1), 226(a)(5), and 226(a)(8). Because Defendants deducted

22  time from Plaintiff's records for meal periods they did not actually take (and therefore time for

23  which they should have been paid), Defendants did not list the correct amount of gross wages

24  earned by Plaintiff and in compliance with section 226(a)(1). For the same reason, Defendants

25  failed to list the correct amount of net wages earned by Plaintiff in violation of section 226(a)(5).

26       79.    The wage statement deficiencies also include, among other things, failing to list

27  total hours worked by employees; failing to list all applicable hourly rates in effect during the pay

28  period, including overtime rates of pay, and the corresponding number of hours worked at each

<div align="center">16    **COMPLAINT**</div>

1   hourly rate; failing to list the number of piece-rate units earned and any applicable piece rate if the
2   employee is paid on a piece-rate basis; failing to list all deductions; failing to list the name of the
3   employee and only the last four digits of his or her social security number or an employee
4   identification number other than a social security number; failing to list the inclusive dates of the
5   period for which Plaintiff was paid; and/or failing to state all hours worked as a result of not
6   recording or stating the hours he worked off-the-clock.

7          80.     In addition, Defendants failed to provide Plaintiff the option to elect to receive
8   hard copies of his wage statements at any time and/or failed to provide him with the ability to
9   easily access the information and convert the electronic wage statements into hard copies at no
10  expense to them.

11         81.     California Labor Code section 1174(d) provides that "[e]very person employing
12  labor in this state shall … [k]eep a record showing the names and addresses of all employees
13  employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants
14  or establishments at which employees are employed, payroll records showing the hours worked
15  daily by and the wages paid to, and the number of piece-rate units earned by and any applicable
16  piece rate paid to, employees employed at the respective plants or establishments…"  During the
17  relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed
18  to maintain accurate payroll records for Plaintiff showing the daily hours he worked and the
19  wages paid thereto as a result of failing to record the off-the-clock hours that he worked.

20         82.     California Labor Code section 1198 provides that the maximum hours of work and
21  the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth
22  in the applicable IWC Wage Orders.  Section 1198 further provides that "[t]he employment of any
23  employees for longer hours than those fixed by the order or under conditions of labor prohibited
24  by the order is unlawful."  Pursuant to the applicable IWC Wage Order, employers are required to
25  keep accurate time records showing when the employee begins and ends each work period and
26  meal period.  During the relevant time period, Defendants failed, on a company-wide basis, to
27  keep records of meal period start and stop times for Plaintiff in violation of section 1198.

28  ///

Exhibit A - Page 18

83.    Because Defendants' violations of 226(a), 1174(d), and 1198 were committed against Plaintiff, Plaintiff is entitled to damages according to proof.

### SIXTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON TERMINATION

### VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

84.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

85.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.    During the relevant time period, Defendants willfully failed to pay Plaintiff the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, meal and rest period premium wages, and reporting time pay, either at the time of discharge, or within seventy-two (72) hours of his leaving Defendants' employ.

87.    Defendants' failure to pay Plaintiff at the time of discharge, or within seventy-two (72) hours of his leaving the employment, violates Labor Code sections 201 and 202. Plaintiff is entitled to damages according to proof at trial.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 2810.5

88.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

89.    California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment. Codified at California Labor Code section 2810.5, the

Exhibit A - Page 19

1  Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written
2  notice to employees of the rate(s) of pay and basis thereof, whether paid by the hour, shift, day,
3  week, salary, piece, commission, or otherwise, including any rates for overtime, the regular
4  payday designated by the employer, and any allowances claimed as part of the minimum wage,
5  including meal or lodging allowances. Effective January 1, 2015, an employer's written notice
6  pursuant to section 2810.5 must also include a statement that the employee may accrue and use
7  sick leave; has a right to request and use accrued paid sick leave; may not be terminated or
8  retaliated against for using or requesting the use of accrued paid sick leave; and has the right to
9  file a complaint against an employer who retaliates.

10      90.    Defendants failed to provide Plaintiff written notice that lists all the requisite
11  information set forth in Labor Code section 2810.5(a)(l)(A)-(C). Defendants' failure to provide
12  Plaintiff with written notice of basic information regarding his employment with Defendants is in
13  violation of Labor Code section 2810.5. Plaintiff is therefore entitled to damages according to
14  proof.

15                          **EIGHTH CAUSE OF ACTION**
16                   **VIOLATION OF LABOR CODE SECTION 2802**

17      91.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and
18  every allegation set forth above.

19      92.    Defendants insisted that their Plaintiff pay for the costs of performing the tasks that
20  management directed him to do. Plaintiff was required to pay for his own internet connection, cell
21  phones, cell phone plans, data charges and hardware when performing services for Defendants.
22  Defendants also required Plaintiff to use his own vehicle, pay for fuel, pay for maintenance of that
23  vehicle and generally shoulder the burden of transportation while conducting work for the
24  Defendants.

25      93.    Plaintiff is entitled to damages according to proof.
26  / / /
27  / / /
28  / / /

**NINTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200**

**(TIME WARNER CABLE, INC. AND SPECTRUM)**

94.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

95.     The violations of the forgoing statutes and regulations by Defendant constitute unfair and unlawful business practices under Business and Professions Code section 17200, et seq. The willful and repeated violations of California laws by Defendant constitutes unlawful business practices because the practices were repeatedly performed and continued to be knowingly performed over a significant period of time and in a systematic manner to the detriment of Plaintiff. At all times relevant times herein, Defendant gained an unfair business and competitive advantage against law abiding competing businesses by means of those unlawful business practices. Defendant has therefore been unjustly enriched.

96.     Plaintiff has suffered and continues to suffer as a direct result of the conduct and omissions of Defendant. Accordingly, Plaintiff respectfully requests damages and/or restitution of all monies and profits to be disgorged from Defendant, and each in an amount according to proof at trial.

97.     Pursuant to Business and Professions Code section 17203 this court is empowered to enjoin the illegal conduct of Defendant as described herein, and to issue orders to effectuate restitution of unpaid earned wages due and owed to Plaintiff.

**TENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(TIME WARNER CABLE, INC. AND SPECTRUM)**

98.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

99.     DEFENDANTS wrongfully discharged Plaintiff in violation of important and well-established public policies, set forth in various statutes and Constitutional provisions including

1   but not limited to California Government Code Sections 12940, et seq. DEFENDANTS also
2   wrongfully discharged Plaintiff in retaliation for his complaints about the discrimination and
3   harassment practiced by the DEFENDANTS.

4       100.    DEFENDANTS' wrongful conduct proximately caused Plaintiff to suffer
5   general, special and statutory damages in an amount to be proven. Plaintiff is entitled to recover
6   reasonable attorneys' fees. Plaintiff is entitled to injunctive relief including reinstatement, lost
7   wages and benefits, and promotion without retaliation.

8       101.    DEFENDANTS' wrongful conduct was malicious, oppressive, fraudulent,
9   despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or
10  perpetrated by its managing agents, officers or directors, entitling Plaintiff to an award of punitive
11  and exemplary damages in an amount to be proven.

12                      **ELEVENTH CAUSE OF ACTION**
13          **DISCRIMINATION BASED ON DISABILITY/MEDICAL CONDITION**
14                          **Govt. Code § 12940;**
15          **(AGAINST TIME WARNER CABLE, INC AND SPECTRUM)**

16      102.    Plaintiff re-alleges and incorporates in this cause of action all numbered paragraphs
17  above that precede the title block for the "First Cause of Action."

18      103.    Plaintiff possessed a medical condition and disability which affected his ability to
19  work. He had suffered from an irregular heartbeat and walking pneumonia. These medical
20  conditions and disabilities affected his work- a major life activity.

21      104.    Defendants discriminated against Plaintiff in the terms, conditions and existence of
22  Plaintiff's employment in violation of Govt. Code § 12940, including subsection (a) based on his
23  medical condition and disability. Plaintiff was ultimately terminated from his employment as the
24  culmination of the discriminatory treatment he received from Defendants.

25      105.    Defendants' wrongful conduct proximately caused Plaintiff to suffer general,
26  special and statutory damages in an amount to be proven. Plaintiff has been required to hire
27  counsel and is entitled to recover reasonable attorney fees. Plaintiff is entitled to injunctive relief
28  including reinstatement and back pay and promotion without discrimination or retaliation.

## TWELVTH CAUSE OF ACTION

## VIOLATION OF FAMILY MEDICAL LEAVE ACT

## (AGAINST TIME WARNER CABLE, INC. AND SPECTUM)

106. Plaintiff re-alleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

107. The Family and Medical Leave Act (29 USC § 2601, *et seq.*) requires that covered employers grant an eligible employee up to a total of 12 workweeks of unpaid leave during any 12-month period for their own medical treatment and prohibits retaliation against employees who avail themselves of leave for that treatment.

108. At all times mentioned herein, defendants were covered employers as that term is defined by law, including but not limited to 29 USC § 2611, *et seq.*

109. At all times mentioned herein, Plaintiff was an eligible employee as that term is defined by law. He had more than 12 months of service with defendants and worked at least 1,250 hours for defendants during the 12 months prior to the commencement of the leave.

110. Plaintiff was required to take care of his serious medical condition, which required Plaintiff to take time off of work.

111. At all times mentioned herein, Plaintiff qualified for and was entitled to leave under the Family and Medical Leave Act because the Family Medical Leave act allows Plaintiff to take unpaid leave due to the serious health condition he experienced. After taking such leave, defendants retaliated against Plaintiff by falsely criticizing him and forming false reasons for his termination.

112. Defendants' actions constituted a violation of the Family Medical Leave Act, which mandates that employees be guaranteed a return to the same or comparable position.

113. As a proximate result of the aforesaid acts of defendants, Plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest.

114.   Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

115.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, Plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

116.   Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

117.   As a proximate result of the conduct complained of herein, Plaintiff suffered and sustained serious injuries to his physical health, strength and activity, causing him extreme physical pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

118.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, Plaintiff incurred medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time and Plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

119.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, Plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

120.   Because the acts taken toward Plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

121.   Plaintiff requests interest pursuant to 29 USC § 2617, et seq. Plaintiff requests liquidated damages pursuant to 29 USC § 2617, et seq. Wherefore, Plaintiff prays for judgment against the defendants as hereinafter set forth.

1

## TWELVTH CAUSE OF ACTION

2

## VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT

3

## (TIME WARNER CABLE, INC AND SPECTRUM)

4       122.    Plaintiff re-alleges and incorporates in this cause of action all numbered paragraphs

5   above.

6       123.    The California Family Rights Act ("CFRA") was established to ensure

7   secure leave rights for the following: (a) birth of a child for purposes of bonding; (b) placement of

8   a child in the employee's family for adoption or foster care; (c) for the serious health condition of

9   the employee's child, parent or spouse; (d) or for the employee's own serious health condition.

10      124.    At all times mentioned herein, defendants were covered employers as that term is

11  defined by law within the CFRA.

12      125.    At all times mentioned herein, Plaintiff was an eligible employee as that term is

13  defined by law within the CFRA.

14      126.    While working for Defendants Plaintiff suffered from an irregular heartbeat and

15  walking pneumonia and required medical treatment for his serious health conditions.

16      127.    At all times mentioned herein, Plaintiff qualified for leave under the CFRA;

17  however, defendants never informed him of his rights and retaliating against plaintiff from taking

18  such leave by forcing his termination.

19      128.    Defendants' actions constituted a violation of the CFRA.

20      129.    As a proximate result of the aforesaid acts of defendants, Plaintiff has foreseeably

21  suffered and continues to suffer substantial loss of earnings and employment benefits in an

22  amount according to proof at the time of trial. Plaintiff claims such amount as damages together

23  with prejudgment interest.

24      130.    Plaintiff further has incurred additional expenses in his efforts to regain

25  employment, all to his damage in an amount according to proof at the time of trial.

26      131.    As a direct and proximate result of the aforementioned wrongful conduct of

27  defendants, and each of them, Plaintiff will suffer additional loss of earnings, reduced earning

28

capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

132.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

133.    As a proximate result of the conduct complained of herein, Plaintiff suffered and sustained serious injuries to his physical health, strength and activity, causing him extreme physical pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

134.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, Plaintiff incurred medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time and Plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

135.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, Plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

136.    Because the acts taken toward Plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

### PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants as follows:

For special compensatory damages, including lost wages estimated to be no less than $200,000;

For general compensatory damages, including emotional distress estimated to be no less than $200,000;

1)    For statutory damages and penalties;

2)    For exemplary and punitive damages;

3)   For injunctive relief;

4)   For prejudgment interest;

5)   For reasonable attorneys' fees;

6)   For costs of suit;

For such other and further relief as the court deems just and proper.

Dated: ___ , 2018                    THE LAW OFFICE OF DOUGLAS GEYMAN

By: _____
    Douglas E. Geyman, Esq.
    Attorney for Plaintiff

Exhibit A - Page 27

1    **DEMAND FOR JURY TRIAL**

2         Plaintiff demands a trial by jury of all issues in this action triable by a jury,

3    including but not limited to issues of liability and damages.

4

5    DATED: 10-5 , 2018          LAW OFFICES OF DOUGLAS GEYMAN

6

7                                         By:_____

8                                              Douglas Geyman

9                                              Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27    **COMPLAINT**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 16, 2017

Craig Haley
C/o Atty. Geyman - 750 B Street, Suite 2870
San Diego,, California 92101

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 696288-318824
Right to Sue: Haley / Time Warner Cable, Inc.

Dear Craig Haley,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 16, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Exhibit A - Page 29